O’MALLEY, Circuit Judge, concurring. I agree with much of the majority’s thoughtful reasoning, and I certainly agree with its conclusion that time-bar determinations under 35 U.S.C. § 315(b) are not exempt from judicial review. I write separately because, in my view, the question presented for en banc rehearing in this case is much simpler than the majority’s analysis implies; it turns on the distinction between the Director’s authority to exercise discretion when reviewing the adequacy of a petition to institute an inter partes review (“IPR”) and authority to undertake such a review in the first instance. If the United States Patent and Trademark Office (“PTO”) exceeds its statutory authority by instituting an IPR proceeding under circumstances contrary to the language of § 315(b), our court, sitting in its proper role as an appellate court, should review those determinations. Indeed, we should address those decisions in order to give effect to the congressionally imposed statutory limitations on the PTO’s authority to institute IPRs. As we explained in Intellectual Ventures II LLC v. JPMorgan Chase & Co., 781 F.3d 1372 (Fed. Cir. 2015), when assessing whether we may exercise jurisdiction over an appeal from institution decisions regarding covered business method patents (“CBMs”), Congress consistently differentiated between petitions to institute and the act of institution in the AIA. Id. at 1376. The former is what a party seeking to challenge a patent in a CBM proceeding, a derivation proceeding, a post-grant proceeding, or an IPR files—and of which the PTO reviews the sufficiency—and the latter is what the Director is authorized to do. Id. Because only the Director or her delegees may “institute” a proceeding, § 315(b)’s bar on institution is necessarily directed to the PTO, not those filing a petition to institute. See id. The PTO’s own regulations support this reading of § 315(b); they clearly consider the possibility that the Board might mistakenly take actions in excess of its statutory jurisdiction. For example, Part 42 of Title 37 in the Code of Federal Regulations “governs proceedings before the Patent Trial and Appeal Board.” 37 C.F.R. § 42.1(a) (2016). In addressing “Jurisdiction” for these proceedings, Part 42 expressly requires that “[a] petition to institute a trial must be filed with the Board consistent with any time period required by statute.” Id. § 42.3(b); see also id. § 42.2 (identifying IPR proceedings as falling within the definition of “trial”). A straightforward reading of these regulations indicates that the PTO believed, at least at the time it issued those regulations, that it would not have statutory jurisdiction or authority to institute proceedings—including IPRs—in response to petitions to institute filed outside the time limit set by statute for such filings, regardless of the adequacy of those petitions. Section 314(d)’s bar on appellate review is directed to the Director’s assessment of the substantive adequacy of a timely filed petition. Because § 315(b)’s time bar has nothing to do with the- substantive adequacy of the petition and is directed, instead, to the Director’s authority to act, §= 314(d) does not apply to decisions under that provision. This conclusion not only is consistent with, but, in my view, is dictated by the Supreme Court’s reasoning in Cuozzo Speed Technologies, LLC v. Lee, — U.S. -, 136 S.Ct. 2131, 196 L.Ed.2d 423 (2016). There, the Cqurt considered whether § 314(d) bars review of determinations by the PTO that a petition .for IPR complies, at least implicitly, with the “particularity” requirement set forth in § 312(a)(3). 136 S.Ct. at 2138-39. The majority here correctly notes that the Court in Cuozzo “recognize[d] the ‘strong presumption’ in favor of judicial review that we apply when we interpret statutes, including statutes that may limit or preclude review.” Id. at 2140 (quoting Mach Mining, LLC v. E.E.O.C., — U.S. -, 135 S.Ct. 1645, 1650-51, 191 L.Ed.2d 607 (2015) (internal quotation marks omitted)). The Court observed, however, that this presumption could be overcome by “clear and convincing” indications, drawn from “specific language,” “specific legislative history,” and “inferences of intent drawn from the statutory scheme as a whole,” that «Congress intended to bar review. Id. (quoting Block v. Cmty. Nutrition Inst., 467 U.S. 340, 349-50, 104 S.Ct. 2450, 81 L.Ed.2d 270 (1984)). In deciding that the presumption in favor of judicial review was overcome in that case, the Court analyzed and distinguished Lindahl v. Office of Personnel Management, 470 U.S. 768, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985). Lindahl involved the question of whether courts can review disability determinations for federal employees made by a federal agency. 470 U.S. at 771, 105 S.Ct. 1620. According to the majority in Cuozzo, Lindahl involved the construction of a statute that (1) directed ah agency to “determine questions of liability;” (2) made those determinations “final,” “conclusive,” and “not subject to review;” and (3) barred courts from revisiting the “factual underpinnings of '... disability determinations.” 136 S.Ct. at 2141 (quoting Lindahl, 470 U.S. at 771, 791, 105 S:Ct. 1620). The Court observed, however, that the same statute permitted courts to consider claims alleging, for example, that the agency “substantially] departed] from important procedural rights.” Id. (quoting Lindahl, 470 U.S. at 791, 105 S.Ct. 1620). The Cuozzo majority characterized Lin-dahl’s, interpretation of its particular statute as “presenting] the agency’s primacy over its core statutory function in accord with Congress’ intent,” and declared that its “interpretation of the ‘No Appeal’ provision [in the ALA] has the same effect.” Id. This is because Congress, in enacting the ALA, recognized that the “core statutory function” of the PTO is to make pat-entability determinations, and chose to insulate from judicial review preliminary determinations by the PTO as to whether IPR petitions “show[ ] that there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition.” 35 U.S.C. § 314(a); see Cuozzo, 136 S.Ct. at 2141 (“The text of the ‘No Appeal’ provision, along with its place in the overall statutory scheme, its role alongside the Administrative Procedure Act, the prior interpretation of similar patent statutes, and Congress’ purpose in crafting. IPR, all point in favor of precluding review of the [PTO]’s institution decisions.” (emphasis added)). For this reason, the Court found that Cuozzo’s claim that an IPR petition “was not pleaded “with particularity’ under § 312 [wa]s little more than a chai-lenge to the [PTOj’s conclusion, under §. 314(a), that the ‘information presented in the petition’ warranted review.” Id. at 2142 (citation omitted). Section 315(b)’s time bar falls- squarely on the other side of Cuozzo’s appealability ledger, for it is not “closely tied to the application and interpretation of statutes related to the [PTOj’s decision to initiate [IPR].” Id. at-2141. Section 315(b) does not contemplate that the PTO render a decision related' to patentability—it simply places a limit on the PTO’s authority to institute IPRs that is based on a comparison of two or more dates. And it does so with the unambiguous phrase “[a]n [IPR] may not be instituted if .... ” 35 U.S.C. § 315(b) (emphasis added). In contrast with the Director’s § 314(a) determination, which involves the preliminary application of patentability principles, no such decision is contemplated in § 315(b). See N.L.R.B. v. SW Gen., Inc., — U.S.-, 137 S.Ct. 929, 940, 197 L.Ed.2d 263 (2017) (describing a clause that “speaks to who ‘may not’ be an acting officer” as an imperative). Put another way, § 315(b) codifies one of the “important procedural rights” that Congress chose to afford patent owners in the IPR context. Lindahl, 470 U.S. at 791, 105 S.Ct. 1620. Allowing judicial review of erroneous determinations by the PTO as to whether the § 315(b) time bar applies would prevent the agency from “act[ingj outside its statutory limits,” one of the categories of “shenanigans” envisioned by the majority in Cuozzo, 136 S.Ct. at 2141-42. A détermination by the PTO whether an IPR petition is time-barred under § 315(b) is entirely unrelated to the agency’s “core statutory function” of determining whether claims are or are not patentable. Id. at 2141 (quoting Lindahl, 470 U.S. at 791, 105 S.Ct. 1620). Unlike the threshold merits inquiry subsumed within §. 314(a), no technical expertise is required to calculate whether a petition is “filed more than 1 year after the date on which the petitioner, real party in interest, or privy of the petitioner is served with a complaint 'alleging infringement of -the patent.” 35 U.S.C. § 315(b). Congress is well versed in establishing statutory time bars. Congressional discretion should control the application of such time bars, not that of the Director of the PTO. I do not see the need to say more.